IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADAM MILLER**,<br><br>        Plaintiff,<br><br>        v.<br><br>**GOODYEAR TIRE & RUBBER COMPANY; GARDNER TRUCKING, INC.; INTERNATIONAL PAPER CO.; and WINGFOOT COMMERCIAL TIRE SYSTEMS, LLC**,<br><br>        Defendants. | Case No. 3:19-cv-01375-IM<br><br>**OPINION AND ORDER** |

J. Randolph Pickett, Kimberly O. Weingart, R. Brendan Dummigan, and Shangar S. Meman, Pickett Dummigan McCall LLP, 210 SW Morrison Street, Suite 400, Portland, Oregon 97204. Peter O. Hansen, Law Office of Peter O. Hansen, 620 SW Fifth Avenue, Suite 1210, Portland, Oregon 97204. Attorneys for Plaintiff.

Anthony F. Latiolait and Walter M. Yoka, Yoka & Smith, LLP, 445 South Figueroa Street, 38th Floor, Los Angeles, California 90071. Jeffrey D. Hern, Schwabe, Williamson & Wyatt, 1211 SW 5th Avenue, Suite 1600, Portland, Oregon 97204. Attorneys for Defendant Goodyear Tire & Rubber Company.

**IMMERGUT, District Judge.**

        Defendant Goodyear Tire & Rubber Company ("Defendant Goodyear") filed a motion to dismiss count one of the first claim (strict products liability), count two of the first claim

(negligence), and the third claim (intentional misconduct) of Plaintiff's complaint. ECF 15. In the alternative, Defendant Goodyear moves to strike allegations from the third claim. *Id.* On December 19, 2019, the Court held a hearing on this motion and a motion to dismiss filed by Defendant Gardner Trucking, Inc., ECF 17. Plaintiff was represented at the hearing by his attorney, J. Randolph Pickett, and Defendant Goodyear was represented by Walter M. Yoka and Jeffrey D. Hern. For the reasons discussed below, the Court grants Defendant Goodyear's motion and dismisses the claims against Defendant Goodyear in Plaintiff's complaint.[1]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however,

---

[1] This opinion and order concerns only Defendant Goodyear's motion. The Court will issue a separate opinion on the motion filed by Defendant Gardner Trucking, Inc.

credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

The following facts are taken from Plaintiff's complaint. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) ("On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff."). Plaintiff was a service technician employed by Defendant Goodyear, where his job required him to repair and re-inflate tires for commercial trucks and trailers. ECF 1-1 at 5 ¶ 2. This job involves risk and danger, for which a safety precautions like using a "tire cage" are generally required. *Id.* at ¶¶ 2–3. On July 26, 2017, Plaintiff was inflating a used "run flat" tire when it exploded, propelling the tire and rim outwards and striking Plaintiff on the right leg and side. *Id.* at 6 ¶ 6. This incident caused physical injuries to Plaintiff as well as distress. *See id.* at 7 ¶¶ 9–10.

Defendant Goodyear's supervisors, including Vernon Mills and Eric Appleby, required employees to work on "potentially structurally compromised tires." *Id.* at 17 ¶ 43. Defendant Goodyear's managers and supervisors observed employees failing to use required tire safety

PAGE 3 – OPINION AND ORDER

cages. *Id.* at ¶ 45. However, they did not correct Plaintiff and other employees' unsafe practices, provide adequate training, post specific warnings or instructions, require use of tire safety cages, or supervise Plaintiff and other employees. *See id.* at 16 ¶ 42, 18 ¶ 46. Mills and Appleby knew that their actions would cause serious injury or death to Plaintiff or other employees. *See id.* at 16 ¶ 42. These actions, which had been ongoing for two years before Plaintiff's injury, violated Defendant Goodyear's policies and procedures regarding use of tire safety cages. *Id.* at 17 ¶ 44. Defendant Goodyear had previously experienced a similar incident in Portland, in which an employee was injured while inflating a tire without using a safety cage. *Id.* at 18 ¶ 47. That employee was not reprimanded or disciplined. *Id.*

On July 26, 2019, Plaintiff filed this action in Multnomah County Circuit Court against Defendants Goodyear Tire & Rubber Co., Gardner Trucking, Inc., International Paper Co., and Goodyear Commercial Tires and Services. ECF 1-1. Defendants removed the case to federal court on August 28, 2019, invoking this Court's diversity jurisdiction. ECF 1. Plaintiff voluntarily dismissed Defendant Goodyear Commercial Tires and Services on September 10, 2019, as it had gone out of business before the events discussed in the complaint. ECF 12; *see* ECF 20 at 2 n.1. Defendant International Paper answered the complaint, and Defendants Goodyear and Gardner moved to dismiss under Rule 12(b)(6). ECF 13; ECF 15; ECF 17; *see* Fed. R. Civ. P. 12(b)(6).

**DISCUSSION**

Defendant Goodyear moves the Court to dismiss counts one (strict products liability) and two (negligence) of Plaintiff's first claim for relief, as well as the third claim for relief (intentional misconduct). Defendant Goodyear argues that the negligence and strict products liability counts are barred under the exclusive remedy rule in Oregon's workers' compensation laws. Regarding the intentional misconduct claim, Defendant Goodyear argues that Plaintiff has

PAGE 4 – OPINION AND ORDER

failed to plead facts necessary to demonstrate the company's culpability. In the alternative, Defendant Goodyear moves to strike certain allegations from the complaint.

In his briefing on the motion, Plaintiff concedes that both counts of claim one should be dismissed. Oregon's exclusive remedy rule bars most tort claims against employers for on-the-job injuries covered by the workers' compensation laws. *See* O.R.S. 656.018(1)–(2). While an exception exists for torts outside of the employment context, *see id.* at (3)(d), the Oregon Court of Appeals recently held that negligent conduct must occur "wholly outside the immune capacity" to qualify for this exception. *Nancy Doty, Inc. v. WildCat Haven, Inc.*, 297 Or. App. 95, 117 (2019). In his complaint, Plaintiff acknowledges that he was acting within the scope of his employment when he was injured. ECF 1-1 at 5–6, ¶¶ 2, 6. Accordingly, he conceded in his response brief that the strict liability and negligence counts of his first claim should be dismissed. ECF 20 at 3–4. This Court thus grants Defendant Goodyear's motion to dismiss counts one and two of Plaintiff's first claim for relief.

However, Plaintiff contends that his third claim for relief, which invokes a different exception to the exclusive remedy rule, should survive the motion to dismiss. The exclusive remedy rule does not bar tort claims for injuries resulting from the "deliberate intention of the employer of the worker to produce such injury. . .." *See* O.R.S. 656.156(2). The Oregon Supreme Court has interpreted this phrase as requiring that "the employer must have determined to injure an employee and used some means appropriate to that end; that there must be a specific intent, and not merely carelessness or negligence, however gross." *Kilminster v. Day Mgmt. Corp.*, 323 Or. 618, 630 (1996) (quoting *Jenkins v. Carman Mfg. Co.*, 79 Or. 448, 453–54 (1916)). "[A] specific intent to produce an injury may be inferred from the circumstances." *Id.* at 633. In other

words, the facts must support a reasonable inference that the employer "wished to injure" the worker. *Id.*

The requirement of deliberate intention under O.R.S. 656.156(2) precludes vicarious employer liability. For example, the subsection does not permit liability when the employer ratifies the completed intentional torts of a co-worker. *See Bakker v. Baza'r, Inc.*, 275 Or. 245, 253–54 (1976). The subsection also does not allow liability under a theory of *respondeat superior*. *Hanson v. Versarail Systems, Inc.*, 175 Or. App. 92, 101 (2001). Instead, the statute requires direct liability of a corporate employer, as the Oregon Court of Appeals held in a pair of 2016 decisions: *Bundy v. Nustar GP, LLC*, and *Goings v. CalPortland Co*. *See Bundy*, 277 Or. App. 785, 802 (2016), *rev'd on other grounds*, 362 Or. 282 (2017); *Goings*, 280 Or. App. 395, 402–03 (2016). These decisions outline what a plaintiff must allege in his complaint in order to state a claim against a corporate employer under O.R.S. 656.156(2).

Although Plaintiff appears to concede that O.R.S. 656.156(2) requires a showing of direct liability, he nevertheless argues that *Bundy* is not good law. *See* ECF 20 at 7–8. This argument is not well taken. While the Oregon Supreme Court did reverse the Oregon Court of Appeals in *Bundy*, it did so on a separate issue. *See* 362 Or. at 287–99 (analyzing the scope of O.R.S. 656.019). Furthermore, the Oregon Court of Appeals separately affirmed its holding from *Bundy* in *Goings*, which was not appealed to the Oregon Supreme Court. *See Goings*, 280 Or. App. at 403. Because Plaintiff has not provided any "convincing evidence" that the Oregon Supreme Court would reject the relevant holdings of the Oregon Court of Appeals in *Bundy* and *Goings*, those decisions remain binding on this Court. *See In re Watts*, 298 F.3d 1077, 1082–83 (9th Cir. 2002) (holding that a federal court sitting in diversity jurisdiction is bound by decisions of the

state intermediate appellate court absent "convincing evidence" that the state supreme court would reject them).

Oregon courts have identified three theories by which a corporate defendant may be directly liable under O.R.S. 656.156(2). First, a corporation may be liable given its "direct conduct and knowledge." *See Bundy*, 277 Or. App. at 793–98. Second, a corporation may be liable given the conduct and knowledge of its employees. *See id*. at 798–805. Finally, a corporation may be liable when it ratifies an employee's ongoing course of conduct. *See Palmer v. Bi-Mart Co., Inc.*, 92 Or. App. 470, 476 (1988). The following subsections address whether Plaintiff's complaint has stated a claim under each of these theories.

## A. Direct Conduct and Knowledge

To state a deliberate intention claim under *Kilminster*, a complaint must allege facts from which it may reasonably be inferred "that the employer determined to injure an employee, that is, had a specific intent to injure an employee; that the employer acted on that intent; and that the worker was, in fact, injured as a result of the employer's actions." *See Kilminster*, 323 Or. at 631. As interpreted by the Oregon Court of Appeals in *Bundy* and *Goings*, a claim of direct employer liability under *Kilminster* requires allegations of conduct by the corporate employer itself rather than by its employees. *See Bundy*, 277 Or. App. at 793–98; *Goings*, 280 Or. App. at 400–03. In *Bundy*, for example, the court analyzed plaintiff's allegations of the defendant corporation's "direct knowledge and conduct." 277 Or. App. at 794.

In *Kilminster*, the court held that the complaint stated a claim under O.R.S. 656.156(2) when plaintiff had alleged that his employer required him to climb a 400-foot radio tower or lose his job; knew this action was certain to result in serious injury or death of plaintiff or someone doing the same work; and did not take safety precautions, knowing that not doing so would result in serious death or injury. *Id.* at 621, 632–33. The court held that these facts could allow a

PAGE 7 – OPINION AND ORDER

reasonable factfinder to infer that the employer had a specific intent to injure or kill the employee. *Id.* at 633; *see also Lusk v. Monaco Motor Homes, Inc.*, 97 Or. App. 182, 184, 188–89 (1989) (holding that a jury could infer specific intent from facts showing that defendant was warned repeatedly about risk, failed to provide safety equipment, and knew that injury would result without it). However, an employer does not have the "deliberate intention" required under O.R.S. 656.156(2) when its reason for not providing safety equipment is to save money. *See Davis v. U.S. Emp'r's Council, Inc.*, 147 Or. App. 164, 169–70 (1997).

Here, Plaintiff's third claim does not allege direct knowledge and conduct by Defendant Goodyear. Instead, Plaintiff alleges that:

> At all material times, the Goodyear defendants were acting through their managers and supervisors, including but not limited to Vernon Mills and Eric Appleby, who were acting in the course and scope of their employment and/or agency relationships.

ECF 1-1 at 16 ¶ 41. Most other paragraphs in the third claim are similarly limited to alleging conduct of Defendant Goodyear's employees. *See id.* at 16–18 ¶¶ 42–48. In contrast, the plaintiff in *Kilminster* had alleged conduct on the part of the employer itself. *See* ECF 20, Ex. B, Second Amended Complaint at 3 ¶¶ 8–13, 4 ¶¶ 16–19, 5 ¶¶ 20–21, *Kilminster et al. v. Day Mgmt. Corp., et al.*, No. 9301-00574 (Multnomah Cty. Cir. Ct. Aug. 20, 1993). Furthermore, the few paragraphs in Plaintiff's complaint that do consider the knowledge and conduct of Defendant Goodyear do not allege facts that rise to the level in *Kilminster*. *See, e.g.*, ECF 1-1 at 18 ¶ 47 (discussing a similar incident in which a Goodyear employee in Portland was previously injured while inflating a tire without a safety cage). Indeed, the complaint alleges that Defendant Goodyear had policies and procedures "regarding the use of tire safety cages and other safety equipment normally employed by the tire repair industry . . . ." *Id.* at 17 ¶ 44.

Plaintiff does not distinguish between allegations of conduct and knowledge of the corporation as opposed to of its employees, managers, and supervisors. *See* ECF 20 ("Plaintiff's allegations as to managers and supervisors—especially those as set forth in ¶42, subparagraph (a) through (f)—point to defendant Goodyear acting through its managers and supervisors to commit 'morally wrongful acts.'"). However, Plaintiff cannot attribute conduct of Defendant Goodyear's supervisors and managers to the corporation. *See Goings*, 280 Or. App. at 403 (citing *Bundy*, 277 Or. App. at 802). Plaintiff has thus not stated a claim under *Kilminster*.

**B. Conduct and Knowledge of Employees**

In *Bundy*, the Oregon Court of Appeals adopted a two-part test for when a corporation is liable under O.R.S. 656.156(2) given the conduct of its employees. *See* 277 Or. App. at 802. "[A] corporation can be directly liable for intentional torts where: (1) the tort is committed by a person or persons wielding the whole executive power of the corporation; and (2) the tortious acts were committed in [*sic*] behalf of the corporation." *Id.* (internal quotation marks omitted) (quoting *Walthers v. Gossett*, 148 Or. App. 548, 556 (1997)); *see also Goings*, 280 Or. App. at 403 (same). The court held that it is not enough to allege that a supervisor-tortfeasor has the role of a manager; additional factual allegations are required. *Bundy*, 277 Or. App. at 804.

Applying this test on a motion to dismiss, the court in *Bundy* held that the plaintiff's complaint failed under the first prong because he had not alleged any facts about supervisors' role in the corporate structure beyond their titles. *See id.* at 803–04 ("The mere fact that [the supervisors] held managerial positions with [defendant] is insufficient under *Walthers*."). Furthermore, plaintiff's assertions that the corporation authorized the supervisors to act as the corporation in Oregon were uncredited as essentially legal conclusions. *See id.* at 804. "Plaintiff was required to allege ultimate facts from which it could be reasonably inferred . . . that they personally held discretionary authority to determine and direct corporate policy independent of

PAGE 9 – OPINION AND ORDER

approval or direction—such that it can be said that their intent reflected the deliberate intention of [defendant]." *Id.* at 804.

Plaintiff's complaint in this case does not satisfy the high bar that *Bundy* sets under O.R.S. 656.156(2) for corporate liability for a supervisor's actions. The complaint alleges conduct by Mills, Appleby, and other unnamed managers and supervisors. *See, e.g.*, ECF 1-1 at 16 ¶ 41. Arguing that *Bundy* is bad law, Plaintiff did not address its two-part test in his briefing or at oral argument. *See* ECF 20 at 7–8. But as noted above, the Oregon Court of Appeals' holdings in *Bundy* and *Goings*, interpreting O.R.S. 656.156(2), have not been reviewed by the Oregon Supreme Court and therefore remain binding on this Court. Because Plaintiff has not alleged that Mills, Appleby, or other managers or supervisors "wielded the whole corporate power of [the employer] . . . , allegations regarding those individuals' actions do not state a claim for direct liability of" Defendant Goodyear. *Goings*, 280 Or. App. at 403.

## C. Ratification of Employee Conduct

A third theory of direct corporate liability lies under *Palmer v. Bi-Mart Co., Inc.* In that case, the court held that a jury could reasonably infer the employer's deliberate intention to cause injury based on facts showing that the employer "failed to stop a [supervisor's] continuing course of intentional conduct aimed specifically at plaintiff after being informed of it." *Palmer*, 92 Or. App. at 476. Subsequent cases have distinguished *Palmer* by emphasizing that the employer in that case was informed of the supervisor's actions while they remained ongoing. *See Hanson*, 175 Or. App. at 100 n.5; *Bundy*, 277 Or. App. at 800.

Plaintiff argues that the allegations in his complaint are enough like the facts in *Palmer* as to avoid dismissal. *See* ECF 20 at 8. He argues that he has alleged that the tortious conduct and Defendant Goodyear's ratification occurred before his injury, but he does not cite any allegations from the complaint that demonstrate ratification. *See id.* Indeed, as Defendant Goodyear argues,

PAGE 10 – OPINION AND ORDER

Plaintiff has not alleged that "he complained to Goodyear that Mills and Appleby were not enforcing Goodyear's policies and procedures mandating the use of tire cages." ECF 22 at 6. That distinction is meaningful because of the way later courts have read *Palmer*. *See, e.g., Bundy*, 277 Or. App. at 800 (observing that the defendant in *Palmer* had been informed of the ongoing misconduct). Viewed in the light most favorable to Plaintiff, there are no allegations in the complaint that Defendant Goodyear was informed of an ongoing course of misconduct. Thus, Plaintiff's complaint does not state a ratification claim under *Palmer*.[2]

Because Plaintiff has failed to allege facts necessary to support a claim of "deliberate intention" under O.R.S. 656.156(2), this Court grants Defendant Goodyear's motion to dismiss the third claim in Plaintiff's complaint. Accordingly, the Court need not address Defendant Goodyear's alternative motions to strike. *See* ECF 15 at 14–15.

## CONCLUSION

For the reasons stated above, the Court GRANTS Defendant Goodyear's motion, ECF 15, and DISMISSES the first and third claims in Plaintiff's complaint. As he requested at oral argument, Plaintiff may file an amended complaint within 30 days of the date of this order. *See* Fed. R. Civ. P. 15(a)(2); *Scott v. Eversole Mortuary*, 522 F.2d 1110, 1116 (9th Cir. 1975).

**IT IS SO ORDERED**.

DATED this 18th day of January, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

---

[2] In his briefing on the motion, Plaintiff acknowledges that his complaint does not use the word "ratification" in describing Defendant Goodyear's actions. ECF 20 at 8 n.4. However, dismissal of Plaintiff's third claim is warranted not because it lacks the word "ratification" but because it fails to allege that Defendant Goodyear was aware of a "continuing course of intentional conduct aimed specifically at [P]laintiff . . . ." *Palmer*, 92 Or. App. at 476.