IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADAM MILLER**,<br><br>    Plaintiff,<br><br>v.<br><br>**GOODYEAR TIRE & RUBBER COMPANY; GARDNER TRUCKING, INC.; INTERNATIONAL PAPER CO.; and WINGFOOT COMMERCIAL TIRE SYSTEMS, LLC**,<br><br>    Defendants. | Case No. 3:19-cv-01375-IM<br><br>**OPINION AND ORDER** |

J. Randolph Pickett, Kimberly O. Weingart, R. Brendan Dummigan, and Shangar S. Meman, Pickett Dummigan McCall LLP, 210 SW Morrison Street, Suite 400, Portland, Oregon 97204. Peter O. Hansen, Law Office of Peter O. Hansen, 620 SW Fifth Avenue, Suite 1210, Portland, Oregon 97204. Attorneys for Plaintiff.

Christopher M. Parker and Jonathan Henderson, Davis Rothwell Earle & Xochihua, PC, 200 SW Main Street, Suite 1800, Portland, Oregon 97201-5745. Attorneys for Defendant Gardner Trucking, Inc.

**IMMERGUT, District Judge.**

      Defendant Gardner Trucking, Inc. ("Defendant Gardner") filed a motion to dismiss three of the four counts against it in Plaintiff's complaint. ECF 17. On December 19, 2019, the Court held a hearing on this motion and a motion to dismiss filed by Defendant Goodyear Tire &

PAGE 1 – OPINION AND ORDER

Rubber Company ("Defendant Goodyear"), ECF 15. Plaintiff was represented at the hearing by his attorney, J. Randolph Pickett, and Defendant Gardner was represented by Jonathan Henderson. For the reasons discussed below, Defendant Gardner's motion to dismiss is granted in part and denied in part.[1]

## STANDARDS

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the

---

[1] This opinion and order concerns only Defendant Gardner's motion. The Court issued a separate opinion on the motion filed by Defendant Goodyear. ECF 29.

expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted).

## BACKGROUND

The following facts are taken from Plaintiff's complaint. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) ("On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff."). Plaintiff was a service technician employed by Defendant Goodyear, for whom he repaired and re-inflated tires for commercial trucks and trailers. ECF 1-1 at 5 ¶ 2. This job involves risk and danger, for which safety precautions like using a "tire cage" are generally required. *Id.* at ¶¶ 2–3. On July 26, 2017, Plaintiff was inflating a used "run flat" tire when it exploded, propelling the tire and rim outwards and striking Plaintiff on the right leg and side. *Id.* at 6 ¶ 6. This incident caused physical injuries to Plaintiff as well as distress. *See id.* at 7 ¶¶ 9–10.

Defendant Gardner Trucking maintains, stores, and provides services related to commercial trucks and tires. *Id.* at 4 ¶ 1(j). This business involves "the ownership, leasing, rental, service, maintenance, and/or supplying safety and instructional information concerning various types of machinery and products[.]" *Id.* at 9 ¶ 19. These operations take place at a facility owned by Defendant International Paper. *Id.*; *see id.* at 5 ¶ 1(l). Defendant Gardner owned equipment used by Defendant Goodyear's employees and retained the right to control the tire

repair process. *Id.* at 11 ¶¶ 25(a)–(b). Defendant Gardner, together with Defendant International Paper, shared responsibility for the work involved in this process. *Id.* at ¶ 25(c).

At the time of the incident, Plaintiff was replacing tires on one of Defendant Gardner's trucks, which are stored at the International Paper facility. *Id.* at 5 ¶¶ 1(k)–(l). Defendant Gardner failed to maintain a safe work site; did not properly train workers, managers, and assistant managers; did not inspect the tire-inflation machine and used tire; and did not observe that a tire cage was not in use. *Id.* at 9 ¶ 20. Plaintiff was injured as a result of these actions. *Id.* at 10 ¶ 21.

On July 26, 2019, Plaintiff filed this action in Multnomah County Circuit Court against Defendants Gardner, Goodyear, International Paper, and Goodyear Commercial Tires and Services. ECF 1-1. Defendants removed the case to federal court on August 28, 2019, invoking this Court's diversity jurisdiction. ECF 1. Plaintiff voluntarily dismissed Defendant Goodyear Commercial Tires and Services on September 10, 2019, as it had gone out of business before the events discussed in the complaint. ECF 12; *see* ECF 20 at 2 n.1. Defendant International Paper answered the complaint, and Defendants Goodyear and Gardner moved to dismiss under Rule 12(b)(6). ECF 13; ECF 15; ECF 17; *see* Fed. R. Civ. P. 12(b)(6).

## DISCUSSION

Plaintiff's second claim for relief includes four counts against Defendant Gardner and Defendant International Paper.[2] ECF 1-1 at 9–15. Plaintiff has titled these counts as (1) Negligence; (2) Employers' Liability Law (Not Based on Safety Codes); (3) Employers' Liability Law (Based on Safety Codes); and (4) Negligence *Per Se*—Oregon Safe Employment Act. *Id.* Defendant Gardner contends that counts two, three, and four should be dismissed for

---

[2] As noted above, Defendant International Paper filed an answer to the complaint rather than a motion to dismiss. ECF 13.

three overlapping reasons: because the Oregon Employer Liability Law ("ELL") does not provide a statutory cause of action (counts two and three); because, given the facts alleged in the complaint, ORS 654.310 does not apply to Defendant Gardner (count three); and because the safety rules and regulations cited in the complaint do not apply to Defendant Gardner (counts three and four). ECF 17. In the following three sections, the Court addresses these arguments as they pertain to each count.

A. Count two: "Employers' Liability Law (Not Based on Safety Codes)"

Count two of Plaintiff's second claim alleges that Defendant Gardner was subject to the ELL, O.R.S. 654.305, and did not satisfy its requirements, causing Plaintiff's injuries. ECF 1-1 at 10 ¶ 24, 11 ¶¶ 27–28. Defendant Gardner argues that this count should be dismissed because the ELL does not provide a statutory cause of action. ECF 18 at 2.

The ELL provides:

> Generally, all owners, contractors or subcontractors and other persons having charge of, or responsibility for, any work involving a risk or danger to the employees or the public shall use every device, care and precaution that is practicable to use for the protection and safety of life and limb, limited only by the necessity for preserving the efficiency of the structure, machine or other apparatus or device, and without regard to the additional cost of suitable material or safety appliance and devices.

O.R.S. 654.305. The ELL can serve as the basis of a claim against a non-employer when the defendant is "in charge of or [has] responsibility for work involving risk or danger in either (a) a situation where defendant and plaintiff's employer are simultaneously engaged in carrying out work on a common enterprise, or (b) a situation in which the defendant retains a right to control or actually exercises control as to the manner or method in which the risk-producing activity is performed." *Miller v. Georgia-Pacific Corp.*, 294 Or. 750, 754 (1983) (en banc) (citations omitted). However, while the law "gives rise to actions in negligence, . . . it does not create a

cause of action in addition to that of the common law." *Sacher v. Bohemia, Inc.*, 302 Or. 477, 481 (1987). In other words, an action under the ELL is an action for negligence with a higher standard of care. *See Shelton v. Paris*, 199 Or. 365, 368–69 (1953).

Defendant Gardner argues that count two, as pled, states a legally invalid claim of statutory liability. ECF 18 at 2–3. But there is no argument that count two fails to state a claim for negligence under the ELL, and Defendant Gardner's briefing makes no reference to the elements of such a claim.[3] *See id.* The Oregon Supreme Court has allowed cases to proceed with negligence claims under both the ordinary negligence standard and the ELL standard. *See, e.g.*, *Miller*, 294 Or. at 759–60. Even in *Sacher*, which Defendant Gardner cites in its briefing, the court observed that "employees injured on the job could proceed against their employers under common-law negligence, negligence *per se* or, after 1911, the ELL. . . ." 302 Or. at 481. Thus, this Court concludes that count two may proceed as a negligence claim based on the ELL's higher standard of care. Defendant Gardner's motion is denied as to count two.

## B. Count three: "Employers' Liability Law (Based on Safety Codes)"

Count three of Plaintiff's second claim for relief alleges that Defendant Gardner violated the ELL, O.R.S. 654.310, because it did not comply with various safety codes. *See* ECF 1-1 at 12 ¶¶ 30–31. This section of the ELL specifies that:

> All owners, contractors, subcontractors, or persons whatsoever, engaged in the construction, repairing, alteration, removal or painting of any building, bridge, viaduct or other structure, or in the erection or operation of any machinery, or in the manufacture, transmission and use of electricity, or in the manufacture or use of any dangerous appliance or substance, shall see that all places of

---

[3] Defendant Gardner argues that if "Plaintiff intended to bring common law negligence claims based upon the ELL, he should be required to allege them as such." *Id.* at 2. But Defendant Gardner does not identify any way that count two fails as a negligence claim. Indeed, it has expressly declined to dispute that it was an indirect employer subject to ELL liability for the purpose of this motion. ECF 18 at 7 n.2; ECF 23 at 3.

PAGE 6 – OPINION AND ORDER

employment are in compliance with every applicable order,
decision, direction, standard, rule or regulation made or prescribed
by the Department of Consumer and Business Services pursuant to
ORS 654.001 to 654.295, 654.412 to 654.423 and 654.750 to
654.780.

O.R.S. 654.310. Together with O.R.S. 654.305, this provision originally formed section 1 of the ELL. *Groves v. Max J. Kuney Co.*, 303 Or. 468, 472 (1987).

Defendant Gardner argues that this count should be dismissed because Plaintiff's complaint fails to state a claim under O.R.S. 654.310.[4] *See* ECF 18 at 4. This Court agrees.[5] Plaintiff must plead facts sufficient to put Defendant Gardner on notice of the claims asserted against it, and such facts must rise above mere speculation. *See Twombly*, 550 U.S. at 553–55. The complaint does not contain allegations that Defendant Gardner performs any of the activities listed in the statute. Plaintiff alleges that Defendant Gardner was engaged in "ownership, leasing, rental, service, maintenance, and/or supplying safety and instructional information concerning various types of machinery and products located at, and work activities taking place at" the site where Plaintiff was injured. ECF 1-1 at 9 ¶ 19; *see id.* at 5 ¶ 1(l). Plaintiff also alleges that Defendant Gardner provided equipment and maintained responsibility for work at this site. *See id.* at 11 ¶¶ 25(b)–(c). But even viewed in the light most favorable to Plaintiff, these allegations do not show that Defendant Gardner was an active participant in the activities at the work facility, as the terms of the statute require. *See* O.R.S. 654.310 ("All . . . persons whatsoever, engaged in the . . . *operation* of any machinery, . . . or in the *manufacture or use* of any

---

[4] Defendant Gardner also argues for dismissal of count three because the ELL does not provide a cause of action and because the safety codes cited in the complaint do not apply to an indirect employer. ECF 17 at 2–3. On the first argument, this Court construes Plaintiff's ELL claims as negligence claims based on the ELL's higher standard of care, as previously discussed with regard to count two.

[5] Plaintiff does not address this argument in his response briefing. *See* ECF 21.

PAGE 7 – OPINION AND ORDER

dangerous appliance or substance . . . ." (emphasis added)). Accordingly, this Court grants Defendant Gardner's motion to dismiss count three.[6] As he requested, Plaintiff may amend this count. ECF 21 at 10; *see Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 789–90 (9th Cir. 1963) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." (citation omitted)).

C. **Count four: "Negligence *Per Se*—Oregon Safe Employment Act"**

In count four, Plaintiff alleges that Defendant Gardner violated one or more of four safety codes and that these violations established negligence *per se*. *See* ECF 1-1 at 15 ¶¶ 38-39. These safety codes are a section of the Oregon Safe Employment Act ("OSEA") and three regulations adopted pursuant to this statute.[7] *See id.* at 12–14 ¶ 31 (citing O.R.S. 654.010; 29 C.F.R. § 1926.20(b); 29 C.F.R. § 1926.21(b); O.A.R. 437-001-0760(1)(b)). Citing a string of decisions by the Oregon Court of Appeals, Defendant Gardner argues for dismissal of count four because these safety codes do not apply to entities that are not a plaintiff's direct employer. ECF 18 at 5.

To state a claim of negligence *per se*, plaintiff "must allege that (1) defendants violated a statute; (2) that plaintiff was injured as a result of that violation; (3) that plaintiff was a member of the class of persons meant to be protected by the statute; and (4) that the injury plaintiff

---

[6] Given this holding, it is not necessary to address Defendant Gardner's separate argument that the safety codes cited in the complaint do not apply to an indirect employer under the ELL.

[7] The OSEA grants authority for issuing safety regulations to two parties, the director of the Department of Consumer and Business Services and the Workers' Compensation Board. O.R.S. 654.025(2). The purpose of these regulations is "to assure workers of safe and healthful working conditions, to preserve human resources, and to reduce the economic burdens of lost production, wage losses, medical expenses, and compensation payments as well as human suffering." *Shahtout v. Emco Garbage Co., Inc.*, 298 Or. 598, 603 (1985) (en banc) (citing O.R.S. 654.003). Oregon regulations, in turn, "adopt by reference specific provisions of the Code of Federal Regulations." *George v. Myers*, 169 Or. App. 472, 476 n.4 (2000).

suffered is of a type that the statute was enacted to prevent." *McAlpine v. Multnomah Cty.*, 131 Or. App. 136, 144 (1994); *see also George v. Myers*, 169 Or. App. 472, 478 (2000) (clarifying that, in the OSEA context, the "statute" defendants must have violated is "the OSEA safety regulations").

Although Defendant Gardner does not refer to the elements of a negligence *per se* claim, its briefing cites cases addressing whether plaintiffs were members of the class meant to be protected by the OSEA. *See* ECF 18 at 5–9. The Oregon Court of Appeals has held that "noncompliance with the OSEA cannot be the basis for a negligence *per se* claim against an indirect employer." *George*, 169 Or. App. at 478 (citing *German v. Murphy*, 146 Or. App. 349, 357 (1997)). For example, the plaintiff in *George* was the employee of a subcontractor, and the court held that he could not establish a general contractor's negligence *per se* based on OSEA rules. *Id.* at 474, 477–78. These cases, in turn, relied on *Flores v. Metro Machinery Rigging, Inc.*, which held that no implied cause of action for a statutory tort exists under the OSEA. 99 Or. App. 636, 641 (1989). Although the *Flores* court suggested that OSEA rules might provide a basis for negligence *per se*, *see id.* at 641 n.4, the later decisions foreclosed this possibility. *See George*, 169 Or. App. at 478; *German*, 146 Or. App. at 357. As Plaintiff alleges that Defendant Gardner was only his indirect employer, ECF 1-1 at 11 ¶ 26, these cases suggest that Plaintiff may not establish Defendant Gardner's negligence *per se* on the basis of OSEA rules.

Plaintiff advances three reasons why these cases do not bar count four of his second claim. First, he argues that this principle does not apply to defendants who are "owners" of the place of employment, even when they are not the plaintiff's direct employer. *See* ECF 21 at 10. As Plaintiff observes, the OSEA applies not only to employers but also to "owners." O.R.S. 654.022. The statute defines an "owner" as "every person having ownership, control or custody

of any place of employment or of the construction, repair or maintenance of any place of employment." O.R.S. 654.005(6). Accordingly, Oregon courts have held that OSEA regulations may establish the standard of care in a negligence claim against an "owner." *See Moe v. Beck*, 100 Or. App. 177, 179 n.2, 181 (1990) (in banc), *aff'd*, 311 Or. 499 (1991). The Oregon Court of Appeals has explained that a "defendant owner is liable only if the regulation whose violation underlies the OSEA claim is one that either explicitly, or by nature, imposes obligations on owners of premises." *Brown v. Boise-Cascade Corp*. 150 Or. App. 391, 408 (1997). For example, the court noted that regulations "which pertain to work practices or methods, as opposed to requirements pertaining to workplace structures or safeguards, may not apply to owners." *Id.* The court has subsequently applied this rule narrowly. Where an OSEA regulation refers only to "employers," the court has held that it cannot establish negligence *per se* of "owners." *See George*, 169 Or. App. at 485.

The safety codes at issue cannot establish the standard of care for a negligence claim under Plaintiff's "ownership" theory. None of the codes refer to "owners." *See* O.R.S. 654.010;[8]

---

[8] "Every employer shall furnish employment and a place of employment which are safe and healthful for employees therein, and shall furnish and use such devices and safeguards, and shall adopt and use such practices, means, methods, operations and processes as are reasonably necessary to render such employment and place of employment safe and healthful, and shall do every other thing reasonably necessary to protect the life, safety and health of such employees." O.R.S. 654.010.

29 C.F.R. § 1926.20(b);[9] 29 C.F.R. § 1926.21(b);[10] O.A.R. 437-001-0760(1)(b).[11] As the Oregon Court of Appeals held in *Brown* and *George*, OSEA safety codes cannot establish negligence *per se* of "owners" when they mention only "employers." *See Brown*, 150 Or. App. at 408–09; *George*, 169 Or. App. at 484–85. Furthermore, this Court observes that the statutory code, O.R.S. 654.010, is part of the OSEA. The Oregon legislature was selective with its use of the defined term "owner" in the OSEA. *See Moe*, 311 Or. at 504. Thus, the Court declines to apply O.R.S. 654.010 to "owners" when the Oregon legislature chose not to do so. *Cf. Dean v. United States*, 556 U.S. 568, 573 (2009) ("[W]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (citation omitted)).

Second, Plaintiff argues that OSEA's definition of "employee" requires only that a person be "subject to the direction and control of an employer," suggesting that this term sweeps broader than direct employees. *See* ECF 21 at 12 (citing O.R.S. 654.005(4)(a)). But this argument ignores *Brown*, which analyzed the *defendant's* status under OSEA safety codes. *See* 150 Or. App. at 408 ("That is, the mere fact that a plaintiff has been injured on a defendant's

---

[9] "Accident prevention responsibilities. (1) It shall be the responsibility of the employer to initiate and maintain such programs as may be necessary to comply with this part. (2) Such programs shall provide for frequent and regular inspections of the job sites, materials, and equipment to be made by competent persons designated by the employers." 29 C.F.R. § 1926.20(b) (adopted by reference pursuant to O.A.R. 437-003-0001(3)(a)).

[10] "Employer responsibility. . . . (2) The employer shall instruct each employee in the recognition and avoidance of unsafe conditions and the regulations applicable to his work environment to control or eliminate any hazards or other exposure to illness or injury." 29 C.F.R. § 1926.21(b) (adopted by reference pursuant to O.A.R. 437-003-0001(3)(b)).

[11] "The employer must take all reasonable means to require employees: . . . (D) Not to remove, displace, damage, destroy, or carry off any safety device, guard, notice, or warning provided for use in any employment or place of employment while such use is required by applicable safety and health rules." O.A.R. 437-001-0760(1)(b).

premises as a result of an OSEA violation is not enough to trigger negligence *per se* liability; rather, the defendant itself must have violated the applicable requirement.").

Finally, Plaintiff cites *Miller v. Georgia Pacific Corp.* for the proposition that the OSEA applies to indirect employers. ECF 21 at 13. In *Miller*, the Oregon Supreme Court held that OSEA safety codes "apply to all workplaces." 294 Or. at 759. Despite this broad statement, the court did not analyze the specific terms of individual safety codes as the Oregon Court of Appeals did in later cases. *See Brown*, 150 Or. App. at 409; *George*, 169 Or. App. at 484–85. Plaintiff has not demonstrated any "convincing evidence" that the Oregon Supreme Court would reject the intermediate appellate court's decisions in *Brown* and *George*. *See In re Watts*, 298 F.3d 1077, 1082–83 (9th Cir. 2002) (holding that a federal court sitting in diversity jurisdiction is bound by decisions of the state intermediate appellate court absent "convincing evidence" that the state supreme court would reject them). Accordingly, this Court grants Defendant Gardner's motion to dismiss count four of Plaintiff's second claim.[12]

## CONCLUSION

For the reasons stated above, the Court GRANTS IN PART Defendant Gardner's motion, ECF 17, and DISMISSES the third and fourth counts of Plaintiff's second claim as alleged

---

[12] Defendant Gardner argues that count three should also be dismissed because the four safety codes do not apply to indirect employers. *See* ECF 18 at 5–9; ECF 23 at 3–8. As the Court dismissed count three on other grounds, it was not necessary to address this question. Although the safety codes cannot establish negligence *per se* on count four, this conclusion may differ as to count three because the ELL applies to indirect employers, *Miller*, 294 Or. at 754, and requires compliance with "every applicable order, decision, direction, standard, rule or regulation made or prescribed by the Department of Consumer and Business Services," O.R.S. 654.310. *See also Quirk v. Skanska USA Bldg., Inc.*, No. 3:16-cv-0352-AC, 2018 WL 2437537, at *23–25 (D. Or. May 30, 2018) ("O.R.S. 654.310 functions to provide a statutory cause of action for violation of safety regulations."). Furthermore, the Oregon Court of Appeals did not address this question in *Brown* and *George* because it held that the defendants in those cases were not indirect employers and thus not subject to the ELL. *See Brown*, 150 Or. App. at 399; *George*, 169 Or. App. at 477.

against Defendant Gardner. The Court grants leave for Plaintiff to amend his complaint as to count three. Plaintiff may file an amended complaint within 30 days of the date of this order. *See* Fed. R. Civ. P. 15(a)(2).

**IT IS SO ORDERED**.

DATED this 18th day of January, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge